IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZIYAO JIANG,  :
    Plaintiff,  :
v.  : Case No. 3:23-cv-306-KAP
  :
JOHNSTOWN DISTRICT LIBRARY  :
CENTER, GREATER JOHNSTOWN  :
WATER AUTHORITY, LOWER YODER  :
TOWNSHIP, JOHNSTOWN POLICE  :
DEPARTMENT, and ANNA ELIZABETH :
FU,  :
    Defendants  :

Report and Recommendation

Recommendation

    The Clerk shall assign a District Judge to this matter. I recommend that the complaint be dismissed for failure to prosecute.

Report

    This is filed as a Report and Recommendation because in Burton v. Schamp, 25 F.4th 198 (3d Cir. 2022), the Court of Appeals held that in cases where judgment may be appropriate as to parties that have not consented before judgment to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C), the Magistrate Judge should proceed by Report and Recommendation to the District Court, which has Article III authority to dismiss parties and enter final judgment in the matter in favor of parties who have not filed a consent. (The alternative, to order service and determine whether parties in whose favor judgment would be entered would consent to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C), would waste scarce resources.) Accordingly, regardless of any consent or lack thereof by the plaintiff, this format is used because review indicates that this matter should be dismissed.

    Plaintiff filed two complaints in this court in 2023, the other being Jiang v. Yuan, Case No. 3:23-cv-287-SLH (W.D.Pa. March 7, 2024), aff'd, No. 24-1510 (3d Cir. July 3, 2024). I denied the motion to proceed *in forma pauperis* in this matter and gave plaintiff instructions that he could pay the filing fee, submit an amended motion, or appeal my decision to the Court. Plaintiff filed a second and third motion to proceed *in forma pauperis* in February 2024 that I denied the same month, directing the Clerk to

1

administratively close the matter until plaintiff paid the filing fee or appealed my decision to the Court. Plaintiff did neither. He has in the past year filed a motion or motions for my recusal and a mandamus action seeking my recusal.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984), the Third Circuit set forth six factors to consider in recommending dismissal of a case as a sanction for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of delay; (4) whether the conduct of the party or attorney at fault was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the claim or defense. Weighing the Poulis factors, I conclude that dismissal of the complaint is the appropriate sanction. It is not necessary that all the Poulis factors weigh in favor of dismissal. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir.1988). The sanction for failure to prosecute must balance the Court's need to control its own docket against the goal of disposing of litigation on its merits, *see* In re Asbestos Products Liability Litigation (No. VI), 718 F.3d 236, 246 (3d Cir.2013), recognizing that in the absence of "substantial" reasons to the contrary, cases should be decided on the merits. Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019).

Under Poulis and Hildebrand, the complaint should be dismissed. As a *pro se* litigant, plaintiff bears all the responsibility for conducting his litigation. At some point well short of a year failure to take even a preliminary step to move a complaint forward can be considered willful. An unserved inert piece of litigation mostly burdens the court, but assuming there were a claim it is likely that the universal erosion of memories and evidence that takes place in the course of more than a year would cause added expense and inconvenience to a defendant. Alternative sanctions such as monetary penalties are inappropriate.

Most importantly, while the merits of any claim by any plaintiff against any defendant are impossible to appraise on the pleadings even when the complaint states a claim, the complaint and amendments thereto fail to state a claim. The statement of facts is conclusory and implausible. Fed.R.Civ.P. 8(a) requires the complaint to be a short and plain statement containing sufficient factual matter that if accepted as true would state a legal claim that is plausible on its face. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the Supreme Court's words, plaintiff must allege enough facts in the complaint to "nudge" a claim "across the line from conceivable to plausible." *Id.*, 556 U.S. at 683, *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint does not approach that line. No claim within this court's jurisdiction is stated against the individual defendant, and the institutional and municipal entities named as the other defendants would not be liable, including under a *respondeat superior* theory, even if plaintiff articulated a claim against an employee thereof.

With two exceptions "federal courts treat *pro se* litigants the same as any other

litigant." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 244 (3d Cir. 2013). Those exceptions are liberal construction of pleadings – which does not relieve *pro se* plaintiffs from alleging sufficient facts in their complaints – *id.*, 704 F.3d at 245, and giving notice to *pro se* inmate litigants when a motion to dismiss will be treated as a summary judgment motion. *Id.* Coaxing a counseled plaintiff to litigate would never be considered proper, and it should not be considered in the case of pro se plaintiffs.

Pursuant to 28 U.S.C.§ 636(b)(1), parties can within fourteen days file written objections to this Report and Recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. *See* <u>EEOC v. City of Long Branch</u>, 866 F.3d 93, 100 (3d Cir.2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE:  June 20, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Ziyao Jiang
4658 157th Street
Flushing, NY 11355